```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

KEN WIWA, et al.,                  :

                Plaintiffs,        :    96 Civ. 8386 (KMW)(HBP)

        -against-                  :

ROYAL DUTCH PETROLEUM COMPANY,     :
et al.,
                                   :
                Defendants.
                                   :
-----------------------------------X

KEN WIWA, et al.,                  :

                Plaintiffs,        :    01 Civ. 1909 (KMW)(HBP)

        -against-                  :

BRIAN ANDERSON,                    :

                Defendant.         :
-----------------------------------X

ESTHER KIOBEL, et al.,             :

                Plaintiffs,        :    02 Civ. 7618 (KMW)(HBP)

    -against-                      :
                                        MEMORANDUM OPINION
ROYAL DUTCH PETROLEUM COMPANY,     :    AND ORDER
et al.,
                                   :
                Defendants.
                                   :
-----------------------------------X
```

PITMAN, United States Magistrate Judge:

By notice of motion dated December 7, 2004 (Item 175 in Docket No. 96 Civ. 8386), defendants move for the appointment of a master to investigate alleged instances of perjury by several

witnesses who were deposed in Benin (the "Benin Witnesses") and the alleged subornation of perjury with respect to the Benin Witnesses. For the reasons set forth below the motion is denied in all respects.

Defendants' papers identify a number of instances of alleged perjury by the Benin Witnesses, ranging from the authenticity of documents that allegedly originated in the Nigerian Ministry of Defense to the size and characteristics of certain cesspools, or "soak-aways," in Nigeria to the depth of the water on a certain stretch of the Bonny River to how much Nigerian currency will fit into a "Ghana Must Go" bag.[1] Defendants' papers cite a number of other alleged instances of perjury but the foregoing is a fair sampling. It appears from the materials submitted in connection with the present motion, that defendants' belief that certain Benin Witnesses have committed perjury is not baseless. Defendants seek a master to offer definitive testimony concerning the truth of these matters and establish the perjury alleged.

The appointment of a master is not appropriate here. Rule 53(a)(1) of the Federal Rules of Civil Procedure defines the situations in which a master may be appointed:

---

[1] The papers before me do not define what a "Ghana Must Go" bag is.

> **(a) Appointment.**
>
>> **(1)** Unless a statute otherwise provides, a court may appoint a master only to:
>>
>>> **(A)** perform duties consented to by the parties;
>>>
>>> **(B)** hold trial proceedings and make or recommend findings of fact on issues to be decided by the court without a jury if appointment is warranted by
>>>
>>>> **(i)** some exceptional condition, or
>>>>
>>>> **(ii)** the need to perform an accounting or resolve a difficult computation of damages; or
>>>
>>> **(C)** address pretrial and post-trial matters that cannot be addressed effectively and timely by an available district judge or magistrate judge of the district.

Defendants do not identify the particular subparagraph that warrants the appointment of a master here, and none is applicable. Since plaintiffs oppose defendants' motion, subparagraph (A) is obviously inapplicable. Witness credibility is traditionally a question for the jury, not the court. E.g., McClellan v. Smith, 439 F.3d 137, 144 (2006); Globecon Group, LLC v. Hartford Ins. Co., 434 F.3d 165, 174-75 (2d Cir. 2006). Thus, subparagraph (B) is also inapplicable. Finally, there is no pretrial matter that requires or even permits a judicial officer to make credibility findings concerning the merits of the case. Thus, subparagraph (C) is also inapplicable.

In addition, the appointment of a master appears unnecessary and fraught with practical problems. For example, defendants claim that testimony from one of the Benin Witnesses that certain documents are authentic must be perjurious because the witness testified that they originated at a building that had been rendered uninhabitable by a fire prior to the dates on the documents. Defendants' showing in their motion papers concerning this matter appears to have substantial persuasive force. Defendants do not explain why they cannot make the same showing to the jury themselves. Similarly, to the extent that the parties dispute the characteristics of any locations in Nigeria or the volume of "Ghana Must Go" bags, defendants can simply have a witness inspect these locations or objects and document his or her findings with photographic or videographic evidence. Finally, the investigation of most, if not all, of the issues identified by defendants would require a master to travel to Nigeria and conduct inspections or interviews there. Given the rates of attorneys in this District and the lost revenue that such an attorney would suffer during a sojourn in Nigeria, the cost of such an undertaking would be substantial, assuming that an individual could be found who would be willing to undertake the project. Defendants have affiliated corporations in Nigeria, and it makes far more sense for employees of those corporations

to investigate any locations or other items that defendants deem relevant.

Perjury is, no doubt, a serious matter, and the subornation of perjury cannot be tolerated by any court. Nevertheless, if perjury occurred in this matter (and I make no finding that it has or has not occurred), the appointment of a master is simply not the appropriate device to remedy perjury. Defendants' motion is denied in all respects.

Dated: New York, New York
       March 31, 2006

SO ORDERED

———————————————
HENRY PITMAN
United States Magistrate Judge

Copies mailed to:

Jennifer M. Green, Esq.
Beth Stephens, Esq.
Maria C. LaHood, Esq.
Center for Constitutional Rights
666 Broadway
7th Floor
New York, New York 10012

Judith Brown Chomsky, Esq.
Law Offices of Judith Brown Chomsky
Post Office Box 29726
8120 New Second Street
Elkins Park, Pennsylvania 19027

Anthony DiCaprio, Esq.
Michael Ratner, Esq.
Ratner, DiCaprio & Chomsky, LLP
80 Eighth Avenue
Suite 711
New York, New York 10011

Carey R. D'Avino, Esq.
Stephen A. Whinston, Esq.
Keino Robinson, Esq.
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, Pennsylvania 19103-6365
Rick Hertz, Esq.
EARTHRIGHTS International
1612 K Street N.W.
Suite 401
Washington, District of Columbia 20006

Rory O. Millson, Esq.
Thomas G. Rafferty, Esq.
Michael T. Reynolds, Esq.
Adrienne K. Wheatley, Esq.
Christopher Vergonis, Esq.
Cravath, Swaine & Moore, LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019-7475