```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

KEN WIWA, et al.,                   :

                Plaintifs,          :

    -against-                       :   96 Civ. 8386 (KMW)(HBP)

ROYAL DUTCH PETROLEUM COMPANY;      :   MEMORANDUM OPINION
SHELL TRANSPORT AND TRADING             AND ORDER
COMPANY, p.l.c.,                    :

                Defendants.         :

-----------------------------------X
```

PITMAN, United States Magistrate Judge:

In Docket Item 130, plaintiffs moved to compel production of documents responsive to their Third Request for Production of Documents. Specifically, plaintiffs sought to compel production of (1) documents used to create a summary chart disclosing the number of barrels of oil shipped by SPDC from January 1990 through June 1996 for which the initial shipping documentation indicated a destination in the United States; (2) "documents in the possession, custody, or control of Defendants which reveal the level of crude oil produced by SPDC which has been imported into the United States"; and (3) documents which reflect reserves additions bonuses . . . ." (Wiwa Plaintiffs' Memorandum in Support of Motion to Compel Production of Documents Responsive to Plaintiffs' Third Request, dated May 20, 2004, (Docket Item 129) at 3). Defendants' opposed plaintiffs' motion

and cross-moved for a protective order.  Defendants' cross-motion for a protective order was not, however, directed to the documents sought in Plaintiff's Third Request for Production of Documents.  Rather, defendants described the order they were seeking as a "protective order against plaintiffs' continued harassment" (Memorandum of Law in Support of Defendants' Cross-Motion for a Protective Order and in Opposition to Plaintiffs' Motion to Compel Production of Documents Responsive to Plaintiffs' Third Request, dated June 7, 2004, (Docket Item 147) at 9[1]).  No where in their papers did defendants identify any specific discovery requests that were the subject of their application for a protective order.

By letter dated July 20, 2004, plaintiffs withdrew their motion to compel, without prejudice; defendants' motion for a protective order, however, remains pending.

The standards applicable to a request for a protective order are fairly well settled:

> A protective order appropriately issues to prevent "injury, harassment or abuse of the court's processes." Bridge C.A.T. Scan Assocs. v. Technicare Corp., 710 F.2d 940, 944-45 (2d Cir. 1983); Fed. R. Civ. P. 26(c). "[T]he burden is upon the party seeking nondisclosure or a protective order to show good cause." Penthouse Int'l v. Playboy Enters., 663 F.2d 371, 391 (2d Cir. 1981); In re Agent Orange, 821 F.2d 139, 145 (2d Cir. 1987).

---

[1]The pages of Defendants' Memorandum of Law are not numbered.  The number in the text is the refers to the ninth page of text in the Memorandum of law.

2

> Rule 26(c) places the burden of persuasion on the party seeking the protective order. To overcome the presumption, the party seeking the protective order must show good cause by demonstrating a particular need for protection. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the . . . test.
>
> Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3d Cir. 1986).

H. Lewis Packaging, LLC v. Spectrum Plastics, Inc., No. Civ. 3:02CV2259 (PCD), 2003 WL 22305148 at, *3 (D. Conn.,2003); see Evello Inv. N.V. v. Printed Media Servs., Inc., Civ. A. No. 94-2254-EEO, 1995 WL 135613 at *7 (D. Kan. 1995); ("To establish good cause [the party seeking a protective order] must submit 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'"); Blum v. Schlegel, 150 F.R.D. 38, 41 (W.D.N.Y. 1993) ("The party seeking protection from disclosure has the burden of making a particular and specific demonstration of fact, as distinguished from general, conclusory statements revealing some injustice, prejudice, or consequential harm that will result if protection is denied."); see also Bridge C.A.T. Scan Assocs. v. Technicare Corp., 710 F.2d 940, 944-45 (2d Cir. 1983) (Fed. R. Civ. P. 26(c) "is not a blanket authorization for the court to prohibit disclosure of information whenever it deems it advisable to do so, but is rather a grant of power to impose conditions on discovery in

3

order to prevent injury, harassment, or abuse of the court's processes.").

The difficulty with the protective order sought by defendants is that it is not directed at any specific discovery request or even to a specific subject matter. Rather, as characterized by defendants themselves, the protection sought is a prohibition against "continued harassment." The Federal Rules of Civil Procedure themselves permit a party to object to a discovery request or to seek a protective order if a discovery request is posed for purposes of harassment. The Rules expressly provide that an attorney's signature on a discovery request constitutes a certification that it is not "interposed for any improper purpose such as to harass . . . ." Fed.R.Civ.P. 26(g)(2)(A). Thus, the Order sought is entirely redundant of the protections already afforded by the Federal Rules.

Second, the Order sought is so vague as to be meaningless. Protective orders are ordinarily directed to specific discovery requests or specific subject matters; neither my own research not defendants' has disclosed any case in which a protective order against "harassment" was issued. Such a protective order would provide not resolve any specific dispute, would not provide any meaningful guidance to the parties and, as noted above, would not provide any limit discovery beyond that already

4

provided by the Federal Rules of Civil Procedure. In short, such a protective order would serve no purpose whatsoever.

Because the protective order sought would provide no protection or limits beyond those inherent in the Federal Rules of Civil Procedure, defendants' cross motion for a protective order (Docket Item 145) is denied in all respects.

Dated: New York, New York
September 22, 2006

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies mailed to:

Jennifer M. Green, Esq.
Beth Stephens, Esq.
Maria C. LaHood, Esq.
Center for Constitutional Rights
666 Broadway
7th Floor
New York, New York 10012

Judith Brown Chomsky, Esq.
Law Offices of Judith Brown Chomsky
Post Office Box 29726
8120 New Second Street
Elkins Park, Pennsylvania 19027

Anthony DiCaprio, Esq.
Michael Ratner, Esq.
Ratner, DiCaprio & Chomsky, LLP
80 Eighth Avenue
Suite 711
New York, New York 10011

Carey R. D'Avino, Esq.
Stephen A. Whinston, Esq.
Keino Robinson, Esq.
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, Pennsylvania 19103-6365

Rick Hertz, Esq.
EARTHRIGHTS International
1612 K Street N.W.
Suite 401
Washington, District of Columbia 20006

Rory O. Millson, Esq.
Thomas G. Rafferty, Esq.
Michael T. Reynolds, Esq.
Adrienne K. Wheatley, Esq.
Christopher Vergonis, Esq.
Cravath, Swaine & Moore, LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019-7475