```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
                                   |
KEN WIWA, et al.,                  |
                                   |
              Plaintiffs,          |
                                   |   96 Civ. 8386 (KMW) (HBP)
     -against-                     |
                                   |   OPINION & ORDER
ROYAL DUTCH PETROLEUM CO., et al., |
                                   |
              Defendants.          |
                                   |
-----------------------------------X
```
KIMBA M. WOOD, U.S.D.J.:

By notice of motion dated December 1, 2006, Plaintiffs moved, pursuant to Federal Rule of Civil Procedure 15(a), for leave to file a Fourth Amended Complaint to amend certain factual allegations contained in the Third Amended Complaint. Defendants opposed the motion. For the reasons set forth below, Plaintiffs' motion is GRANTED.

**BACKGROUND**

Plaintiffs filed suit against Defendants on November 6, 1996, alleging that Defendants participated in certain human rights violations in Nigeria during the period from 1990 through 1995. Since then Plaintiffs have filed three amended complaints, the parties have conducted extensive discovery, and the parties have filed several dispositive motions. Plaintiffs filed their latest complaint, the Third Amended Complaint, on June 16, 2003.

By Order dated September 29, 2006, the Court dismissed

1

certain claims alleged in the Third Amended Complaint, and gave Plaintiffs leave to file a further amended complaint "specifically, and only, for the purpose of allowing Plaintiffs to delete paragraph 45 [of the Third Amended Complaint]." (Order 7, Sept. 29, 2006.) Plaintiffs subsequently filed this motion, requesting leave to amend additional factual allegations made in the Third Amended Complaint, "in order to conform the factual allegations to several items that came to plaintiffs' attention during discovery." (Pls.' Mem. Supp. Mot. Amend 1.) Defendants opposed the motion on various grounds.[1]

**DISCUSSION**

Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); Ronzani v. Sanofi S.A., 899 F.2d 195, 198 (2d Cir. 1990). However, the Court may deny leave to amend upon a showing of "undue delay, bad faith, or dilatory

---

[1] On December 4, 2006, the parties entered into a written stipulation, agreeing to certain amendments to be included in Plaintiffs' Fourth Amended Complaint. (Stipulation and Order, Dec. 4, 2006.) The parties' Stipulation constitutes "written consent" to these amendments from Defendants, and therefore Plaintiffs are free to include the stipulated amendments in their Fourth Amended Complaint. Fed. R. Civ. P. 15(a); see also Fern v. United States, 213 F.2d 674, 677 (9th Cir. 1954) ("Once the adverse party has consented to the amendment of a pleading, the court has no control over the matter under Rule 15(a).").
    Defendants request that these stipulated amendments also apply to the Complaints filed in this action's related cases. (Defs.' Opp. 2-5.) Plaintiffs have indicated that they are willing to enter into a stipulation to that effect. (Pls.' Reply 9.) The Court therefore declines to address Defendants' request at this time.

2

motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc., 404 F.3d 566, 604-05 (2d Cir. 2005) (stating that leave to amend "'should be denied only for such reasons as undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party'") (quoting Richardson Greenshields Sec., Inc. v. Lau, 825 F.2d 647, 653 n.6 (2d Cir. 1987)).

Plaintiffs request leave to amend the following factual allegations in the Third Amended Complaint: (1) the status of Plaintiffs Ken Wiwa, Blessing Kpuinen, Lucky Doobee, Friday Nuate, Monday Gbokoo and James N-nah (collectively, "Representative Plaintiffs") with respect to their standing to sue on behalf of their respective decedents and/or family members (Pls.' Mem. 3-4, proposed amendments to ¶¶ 7, 9, 12, 13, 14 & 16), (2) the circumstances surrounding the arrest and detention of Plaintiff Michael Tema Vizor (Pls.' Mem. 3-4, proposed amendments to ¶¶ 3 & 49), and (3) the circumstances surrounding the arrest and detention of Plaintiff Owens Wiwa (Pls.' Mem. 5, proposed amendments to ¶ 69; Pls.' Proposed Fourth Amended Complaint ¶ 95).

3

Defendants oppose Plaintiffs' proposed amendments, arguing that (1) Plaintiffs have failed to explain the delay in filing their Motion to Amend, (2) Plaintiffs' proposed amendments regarding the standing of the Representative Plaintiffs are futile, and (3) Plaintiffs' proposed amendments regarding Plaintiffs Vizor and Owens Wiwa are factually unsupported. Defendants' arguments are unavailing.

First, Plaintiffs' delay in making this motion to amend, while certainly lengthy, is insufficient to justify denial of leave to amend. Absent a showing of bad faith or undue prejudice, mere delay does not justify denial of leave to amend. See Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993). There is no evidence that Plaintiffs' delay in filing this motion to amend was a result of bad faith, or that it has caused undue prejudice to Defendants. Plaintiffs' delay is therefore excusable.

Second, Plaintiffs' proposed amendments regarding the standing of the Representative Plaintiffs are not futile. Where there is a "colorable basis" for the amendment, leave to amend should be granted. Kaster v. Modifications Sys., Inc., 731 F.2d 1014, 1018 (2d Cir. 1984); Gallegos v. Brandeis School, 189 F.R.D. 256, 259 (S.D.N.Y. 1999) (granting leave to amend even where possibility of relief is "remote"). Plaintiffs have established a "colorable basis" for the claim that the

4

Representative Plaintiffs have standing. (Pls.' Reply 4-7.) Plaintiffs' proposed amendments with respect to these claims are therefore not futile.

Third, there is sufficient evidence to support Plaintiffs' proposed amendments regarding the factual circumstances surrounding the arrests and detention of Plaintiffs Vizor and Owens Wiwa, respectively. Generally, the veracity of factual allegations should not be considered on a motion to amend; however, the Court may deny leave to amend when the proposed amendments are "so groundless" as to indicate bad faith. Grunwald v. Borenfreund, No. 85 CV 3338, 1987 WL 176367, at *5 (E.D.N.Y. Nov. 26, 1986); cf. WIXT Television, Inc. v. Meredith Corp., 506 F. Supp. 1003, 1010 (S.D.N.Y. 1980) (noting that the factual support for proposed amendments is best considered on a substantive motion on the merits). Having reviewed the evidence offered in support of Plaintiffs' proposed amendments regarding Plaintiffs Vizor and Wiwa, the Court finds that the proposed amendments are not so groundless as to indicate bad faith.[2]

---

[2] Defendants also argue that Plaintiffs should withdraw their allegation that Plaintiff Karalolo Kogbara was shot "for her participation in a peaceful demonstration." (Defs.' Opp. 2.) This factual allegation is similarly not so groundless as to indicate bad faith, and therefore, need not be withdrawn from the Third Amended Complaint.

**CONCLUSION**

Plaintiffs have sufficiently justified their proposed amendments to the Third Amended Complaint. Accordingly, the Court GRANTS Plaintiffs leave to file a Fourth Amended Complaint, which may include Plaintiffs' proposed amendments to paragraphs 3, 7, 9, 12, 13, 14, 16, 49, 69 and 95 of the Third Amended Complaint.[3] Plaintiffs are reminded that a Fourth Amended Complaint must also comply with the Court's September 29, 2006 Order.

Plaintiffs may file a Fourth Amended Complaint on or before October 2, 2007. Defendants shall move against or answer the Fourth Amended Complaint on or before October 16, 2007. No later than October 8, 2007, the parties shall submit a joint status report to the Court describing the status of this case and its related cases, docketed as case numbers 01 Civ. 1909, 02 Civ. 7618 and 04 Civ. 2665, respectively.

SO ORDERED.

Dated: New York, New York
September **27**, 2007

_____
Kimba M. Wood
United States District Judge

---

[3] The Court further grants Plaintiffs leave to amend the caption of the Third Amended Complaint to reflect these proposed amendments, and to reflect mergers and acquisitions between the corporate Defendants.

6