```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
                                   |
KEN WIWA, et al.,                  |
                                   |
            Plaintiffs,            |
                                   |  96 Civ. 8386 (KMW) (HBP)
    -against-                      |
                                   |
ROYAL DUTCH PETROLEUM CO., et al., |
                                   |
            Defendants.            |
                                   |
-----------------------------------X
                                   |
KEN WIWA, et al.,                  |
                                   |
            Plaintiffs,            |
                                   |  01 Civ. 1909 (KMW) (HBP)
    -against-                      |
                                   |
BRIAN ANDERSON,                    |
                                   |
            Defendant.             |
                                   |
-----------------------------------X
                                   |
ESTHER KIOBEL, et al.,             |
                                   |
            Plaintiffs,            |
                                   |  02 Civ. 7618 (KMW) (HBP)
    -against-                      |
                                   |    OPINION & ORDER
ROYAL DUTCH PETROLEUM CO., et al., |
                                   |
            Defendants.            |
                                   |
-----------------------------------X
```

KIMBA M. WOOD, U.S.D.J.:

There are a number of outstanding discovery disputes pending before the Court in Wiwa v. Royal Dutch Shell Petroleum Co., 96 Civ. 8386, and Wiwa v. Anderson, 01 Civ. 1909 (collectively "Wiwa"); as well as in Kiobel v. Royal Dutch Shell Petroleum Co.,

1

02 Civ. 7618 ("Kiobel").  This order addresses one of these discovery disputes: a motion for a discovery sanction of dismissal, 96 Civ. 8386 D.E. ("96-D.E.") 260, by defendants in the three above-captioned actions ("Defendants").

Defendants argue that the Court should dismiss the Wiwa and Kiobel cases as a discovery sanction under Federal Rule of Civil Procedure 37(b)(2) because plaintiffs in these cases ("Wiwa Plaintiffs" and "Kiobel Plaintiffs"; collectively "Plaintiffs") continued to produce discovery documents after the date by which Magistrate Judge Pitman had ordered them to complete production (the Court's "completion deadline"), and after filing affidavits with Magistrate Judge Pitman several months after the completion deadline stating that their production was complete.  (Mot. Disc. Sanction Dismissal 4, 6-7, 14-16.)

For the reasons below, Defendants' motion for a discovery sanction of dismissal, 96-D.E. 260, is DENIED, but Defendants are granted the opportunity to redepose certain witnesses on the eve of, or during, trial.  In addition, the Court orders further briefing regarding whether Plaintiffs must pay reasonable expenses for their tardy production.[1]

---

[1] A more detailed description of the facts underlying these cases is provided in the Court's previous orders, familiarity with which is presumed.  See, e.g., Kiobel v. Royal Dutch Petroleum Co., 456 F. Supp. 2d 457 (S.D.N.Y. 2006); Wiwa v. Royal Dutch Petroleum Co., No. 96 Civ. 8386, 2002 WL 319887 (S.D.N.Y. Feb. 28, 2002).

2

**DISCUSSION**

**I. Summary of Arguments**

   **A. Kiobel Plaintiffs**

Defendants contend that Kiobel Plaintiffs' compliance with the Court's order to complete discovery has been so insufficient as to warrant a discovery sanction of dismissal. In particular, Defendants argue that Kiobel Plaintiffs' affidavits and deposition testimony indicate that they have not produced documents that Defendants contend are in their possession, custody, or control.[2] (Mot. Disc. Sanction Dismissal 7-9, 13.) Defendants also argue that dismissal is warranted because Kiobel Plaintiffs have produced responsive documents on the day of, or following, Defendants' depositions of plaintiffs and witnesses, despite the fact that the depositions occurred months after the Court's completion deadline.[3] (Id. at 9-10; Kiobel Reply 4-5, 8-

---

[2] These include (1) documents Kiobel Plaintiffs have tried unsuccessfully to acquire that are in the custody of their, or their deceased relatives', attorneys in Nigeria; (2) medical records in the possession of a third-party; (3) records of organizations for which individual Kiobel Plaintiffs hold leadership positions; and (4) immigration and asylum records. Since this making this motion for discovery sanction of dismissal, Defendants have moved to compel Kiobel Plaintiffs to produce some of the disputed organizational records. See infra note 9. However, Defendants have not otherwise filed motions to compel production of the allegedly outstanding responsive documents.

[3] Defendants also contend that counsel for Kiobel Plaintiffs withheld responsive material produced by two Kiobel Plaintiffs for a year or more. (Mot. Disc. Sanction Dismissal 10.) The Court finds that the deposition transcripts on which Defendants rely are ambiguous and do not prove the conclusion Defendants urge.
    In addition, Defendants allege that several of the Kiobel

3

9.)  Defendants contend that Kiobel Plaintiffs' tardy production has prejudiced Defendants because they have been unable to use the late-produced documents in their depositions.  (Kiobel Reply, 9-10.)

Kiobel Plaintiffs argue that they have produced documents responsive to Defendants' discovery requests and the Court's discovery order sufficiently and with good faith.  In particular, they argue that documents Defendants contend are outstanding are in one of three categories: (1) not in Kiobel Plaintiffs' possession, custody, or control; (2) not responsive; or (3) do not exist.  (Kiobel Mem. L. Supp. Kiobel Pls.' Opp'n Defs.' Mot. Disc. Sanction of Dismissal ("Kiobel Opp'n") 2-3.)  They also contend that Kiobel Plaintiffs' counsel have adequately supervised their clients' document production, including by traveling to Nigeria and across the United States to recover documents; by acquiring allegedly withheld categories of documents from public sources, Kiobel Plaintiffs, and third

---

Plaintiffs' deposition testimony establishes that they never searched for relevant documents, and that Kiobel Plaintiffs' counsel have failed to sufficiently supervise several Kiobel Plaintiffs' document searches.  (Id. at 11-13.)  The deposition transcripts Defendants rely on are too ambiguous and confusing to prove the conclusion Defendants draw from them.
    Defendants' contention that "several [Kiobel Plaintiffs] did not begin searching for responsive documents until well past the completion deadline set by the Court, often not until immediately prior to their depositions," (Kiobel Reply Mem. L. Supp. Defs.' Mot. Disc. Sanction of Dismissal ("Kiobel Reply") 3), is not supported by the text or underlying deposition testimony upon which Defendants rely.

4

parties; and by searching <u>Kiobel</u> Plaintiffs' homes. (<u>Id.</u> at 3-5.) They further argue that their production of documents during depositions and after the Court's completion deadline was not the result of bad faith or negligence, but was due to misunderstandings by "unsophisticated plaintiffs," which occurred despite counsel's and <u>Kiobel</u> Plaintiffs' diligent efforts. (<u>Id.</u> at 4-5)

### B. <u>Wiwa</u> Plaintiffs

Defendants argue that <u>Wiwa</u> Plaintiffs' compliance with the Court's order to complete discovery has also been so insufficient as to warrant a discovery sanction of dismissal. In particular, Defendants argue that <u>Wiwa</u> Plaintiffs' affidavits indicate that several <u>Wiwa</u> Plaintiffs did not begin searching for documents in Nigeria until just before their affidavits were due, and several months after the Court had ordered <u>Wiwa</u> Plaintiffs to complete production. (Mot. Disc. Sanction Dismissal 16-17.) Furthermore, Defendants argue that dismissal is warranted because <u>Wiwa</u> Plaintiffs continued to produce documents responsive to Defendants' initial discovery requests after swearing in their affidavits that they had already produced all responsive documents. (<u>Id.</u> at 15; <u>Wiwa</u> Reply Mem. L. Supp. Defs.' Mot. Disc. Sanction Dismissal ("<u>Wiwa</u> Reply") 3-4.) In addition, Defendants contend that <u>Wiwa</u> Plaintiffs' affidavits and deposition testimony indicate that they may still have unproduced

5

documents in their possession.[4]  (Id. at 17, 19-21; Wiwa Reply 7-8.)  Defendants also argue that Wiwa counsel have been insufficiently involved in Wiwa Plaintiffs' document searches.  (Id. at 18-19; Wiwa Reply 5-6.)  Lastly, Defendants contend that Wiwa Plaintiffs' piecemeal and belated production has prejudiced Defendants because they were unable to use many of the tardy documents in their depositions.  (Wiwa Reply, 8-10.)

Wiwa Plaintiffs contend that they have made consistent, good faith, and satisfactory efforts to fulfill Defendants' discovery requests and the Court's discovery order.  In particular, they argue that all the documents Defendants allege Wiwa Plaintiffs have yet to produce are in one of three categories: (1) not in Wiwa Plaintiffs' possession, custody, or control; (2) not responsive; (3) do not exist; or (4) have already been produced.  (Wiwa Mem. L. Opp'n 1-6.)  They further detail the sustained and substantial (if not always timely) efforts they and their counsel

---

[4] Defendants' arguments regarding two Wiwa Plaintiffs' allegedly unproduced documents misconstrue the record.  Plaintiff Kogbara's affidavit swears that she produced the medical records in her possession.  The medical records Defendants allege that she is withholding are actually held by a third-party medical provider. Plaintiff Doobee did not testify, as Defendants state, "that if 'given some time' he could locate documents 'bearing the name of the lawyer that was brought by the government' to represent his brother," id. at 17.  Rather, Plaintiff Doobee testified that, if given time, he might be able to tell them or find out the name of the lawyer. (Doobee Dep. 149: 1-5, Decl. of Michael T. Reynolds in Supp. of Defs.' Mot. for Disc. Sanction of Dismissal, May 21, 2004 ("Reynolds Decl.") Ex. GG (emphasis added).)  He specifically stated that he already had searched, unsuccessfully, for a document with the lawyer's name. (Id.)

6

have made to produce all responsive documents, most of it timely.[5] (Id. 2-4; 15-16.) Finally, they note that Magistrate Judge Pitman, in ordering Plaintiffs to submit affidavits detailing their searches and production, anticipated that doing so would help them ensure that they had not overlooked any documents in their prior searches. (Id. at 7-8.) Thus, they argue, their searches in Nigeria in March and April of 2004 complied with, rather than violated, the Court-supervised discovery process.[6]

### C. Discovery Sanction of Dismissal

#### 1. Legal Standard

Rule 37(b) empowers a court to dismiss an action in whole or

---

[5] These include trips to Canada and Nigeria to search for documents. These trips were made in September to October 2003 (before the Court completion deadline) and in March to April 2004 (before Wiwa Plaintiffs' affidavits were due). (Reynold's Decl. Ex. S; Decl. of Anthony DiCaprio, July 9, 2004; Decl. of Maria LaHood, July 9, 2004.)

[6] Wiwa Plaintiffs also argue that Defendants' motion is merely intended to "unreasonably and vexatiously multiply" proceedings and they request that the Court impose monetary sanctions on Defendants under Rule 37(a) or 28 U.S.C. §1927. (Wiwa Opp'n 21.) The Court doubts that Wiwa Plaintiffs' request provides Defendants sufficient notice and opportunity to respond. But even if it did, the Court would deny it. Rule 37(a) sanctions do not apply to motions, such as Defendants', that are made under Rule 37(b). Fed. R. Civ. P. 37(a)-(b). Furthermore, §1927 sanctions may be imposed "only when there is a finding of conduct constituting or akin to bad faith" where an attorney's actions are "so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." In re 60 East 80th Street Equities, Inc., 218 F.3d 109, 115 (2d Cir. 2000) (internal citations and quotation marks omitted). Although the Court denies Defendants the sanction they seek, it does not find Defendants' contention that Plaintiffs failed to comply with the Court's discovery order so lacking in basis as to have been made in bad faith.

in part "[i]f a party . . . fails to obey an order to provide or permit discovery."  Fed. R. Civ. P. 37(b)(2)(A).

A discovery sanction of dismissal is an "extreme and harsh remedy" that is "appropriately imposed only in cases of willfulness, bad faith, or reasonably serious fault." Commercial Cleaning Servs., L.L.C. v. Colin Service Systems, Inc., 271 F.3d 374, 386 (2d Cir. 2001); see also Nieves v. City of New York, 208 F.R.D. 531, 535 (S.D.N.Y. 2002).  Only an "egregious, abusive disregard of a court order . . . would justify" such a sanction. Commercial Cleaning Servs., 271 F. 3d at 387.

Circumstances where courts have found a party's noncompliance with a court's order sufficiently willful and egregious to merit a discovery sanction of dismissal are extreme. They include plaintiffs who refused to respond to interrogatories for three years, despite multiple court orders and the imposition of monetary sanctions, see Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062 (2d Cir. 1979); plaintiffs who failed to respond to interrogatories for years and despite a court order, and then offered perjurious testimony in an attempt to cover up their noncompliance, see Indep. Investor Protective League v. Touche Ross & Co., 607 F.2d 530, 534 (2d Cir. 1978); and plaintiffs who failed to comply with five court

orders, see Nieves, 208 F.R.D. at 536.[7]

### 2. Analysis

Plaintiffs' tardy production simply does not rise to the level of egregiousness, willfulness, bad faith, or serious fault necessary to justify the extreme remedy Defendants seek. Plaintiffs and their counsel searched for and produced documents (1) in anticipation of the Court's completion deadline, and (2) again when the process of providing court-ordered affidavits had its desired effect of leading to as yet undiscovered documents. Where depositions have indicated possible overlooked caches of documents, Plaintiffs have generally searched for and produced

---

[7] The cases Defendants cite only confirm that a party's noncompliance must be extreme in order to merit a discovery sanction of dismissal. See National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639 (1976) (affirming discovery sanction of dismissal where plaintiffs' interrogatory responses remained substantially unanswered despite numerous extensions, admonitions by the court, and broken promises by the plaintiffs); Abreu v. City of New York, 208 F.R.D. 526 (S.D.N.Y. 2002) (granting discovery sanction of dismissal where plaintiff failed to respond to discovery requests, reminders of its discovery obligations by defendants, and three court orders over a period of two years); Hochberg v. Howlett, 92 Civ. 1822, 1994 WL 184337 (S.D.N.Y. April 28, 1994) (granting discovery sanction of dismissal where plaintiffs failed to fully respond to document requests or appear for scheduled depositions repeatedly and despite written and oral court orders made in response to defendants' motion to compel). Cf. Daval Steel Products v. M/V Fakredine, 951 F.2d 1357, 1360-61 (2d. Cir. 1991) (affirming preclusion of a defense where defendant failed to comply with a court order and subpoenas, then "engaged repeatedly at [a] deposition in behavior designed to thwart the discovery process"); Thomas E. Hoar , Inc. v. Sara Lee Corp., 882 F.2d 682, 687 (2d Cir. 1989) (affirming imposition of monetary discovery sanction where plaintiffs "neglected to respond of their own initiative, ignored due dates, necessitated defendants' motions to compel, and disobeyed at least two previous court orders before the sanction was imposed").

9

them.[8]  Although Plaintiffs have not done a perfect job of complying with the Court's discovery order, this is not a situation where, as a result of Plaintiffs' noncompliance "the progress of the litigation has been stonewalled." Nieves, 208 F.R.D. at 536.  A discovery sanction of dismissal is therefore unwarranted.

Ultimately, Defendants' grievances boil down to three issues: (1) the prejudice they have suffered because Plaintiffs have produced relevant documents too late for Defendants to have a meaningful opportunity to use them in depositions, (2) whether employment rejection letters addressed to the deceased father of Wiwa Plaintiff David Kiobel are responsive; and (3) a disagreement with Plaintiffs about Plaintiffs' obligation to produce (a) medical records held by third-party medical providers, (b) records of organizations to which some Plaintiffs belonged or in which some Plaintiffs held leadership positions,

---

[8] However, the Court notes that there may be exceptions.  For instance, at Kiobel Plaintiff Kendricks Nwikpo's deposition, held over five months after the Court's completion deadline, he testified that he had turned over documents to his attorneys immediately prior to his deposition.  (See Kiobel Reply 4 and exhibits cited therein.)  At the deposition, Kiobel Plaintiffs' counsel stated that they wanted to review Plaintiff Nwikpo's documents before producing them.  (See id.)  However, Defendants state that Kiobel Plaintiffs did not produce the documents for several months after the deposition, and only after Defendants reminded them in a letter of their obligation to do so.  (See id. at 4-5.).
  Defendants also contend that Wiwa Plaintiffs' Nigerian legal assistant received documents belonging to Plaintiff Friday Nuate around October 2003, but that Wiwa Plaintiffs' counsel did not produce those documents until about six months later.  (Wiwa Reply 3-4.)

10

and (c) records in the custody of Nigerian lawyers who represented Plaintiffs or their deceased relatives.

Defendants' concern about the prejudice caused by Plaintiffs' late production of documents is valid. Plaintiffs have raised a similar concern regarding documents Defendants produced subsequent to several depositions Plaintiffs took of Defendants' witnesses. See Order of the Court 8, October 24, 2008, 96-D.E. 253. In response, the Court granted Plaintiffs an opportunity to redepose these witnesses, on the eve of or during trial, regarding any documents Defendants produced after Plaintiffs' prior depositions of these witnesses. Id. Although the Court does not find a discovery sanction of dismissal warranted here, Defendants should be provided the same opportunity as Plaintiffs.

Accordingly, Defendants may redepose any witnesses for whom Plaintiffs produced relevant documents subsequent to Defendants' last deposition of the witness. These redepositions will be confined to those documents produced too late for Defendants to have had a meaningful opportunity to use them in their last depositions of these witnesses. Any such redeposition shall occur on the eve of or during trial.

As for Defendants' dispute with Plaintiffs regarding (1) whether letters in Wiwa Plaintiff David Kiobel's possession are responsive, and (2) whether certain organizational, legal, and

11

medical documents are within Plaintiffs' possession, custody, or control, a discovery sanction of dismissal is not the appropriate mechanism to resolve them.[9]

## III. CONCLUSION

Defendants' motion for a discovery sanction of dismissal, 96 D.E. 260, is DENIED, but Defendants are granted the opportunity to redepose certain witnesses on the eve of, or during, trial.

SO ORDERED.

Dated:  New York, New York
        February 22, 2009

                                    /s/ Kimba M. Wood
                                    Kimba M. Wood
                                    United States District Judge

---

[9] Indeed, the Court notes that it recently granted Defendants' motion to compel <u>Kiobel</u> Plaintiffs to produce certain organizational records; a motion Defendants filed <u>after</u> filing this motion for discovery sanction of dismissal.