```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
KEN WIWA, et al.,                  |
                                   |
            Plaintiffs,            |
                                   |    96 Civ. 8386 (KMW) (HBP)
      -against-                    |
                                   |    _____
ROYAL DUTCH PETROLEUM CO., et al., |
                                   |
            Defendants.            |
-----------------------------------X
KEN WIWA, et al.,                  |
                                   |
            Plaintiffs,            |
                                   |    01 Civ. 1909 (KMW) (HBP)
      -against-                    |
                                   |           ORDER
                                   |
BRIAN ANDERSON,                    |
                                   |
            Defendant.             |
-----------------------------------X
```

KIMBA M. WOOD, U.S.D.J.:

Defendants' move the Court to (1) determine, pursuant to Federal Rule of Civil Procedure ("Rule") 36(a)(6), the sufficiency of Plaintiffs' responses to Defendants' Requests for Admission ("RFAs"; Plaintiffs' "RFA responses"); (2) sanction Plaintiffs, pursuant to Rule 37(b)(2), for failing to comply with the Court's orders regarding Plaintiffs' responses to the RFAs; and (3) preclude Plaintiffs, pursuant to Rule 37(c)(1); from responding to Defendants' RFAs with information that is different from that which Plaintiffs have disclosed previously.

As explained below, the Court GRANTS in part and DENIES in part Defendants' motion. (96-D.E. 376.)

1

**BACKGROUND**

The factual allegations and procedural history of these cases are discussed in detail in the Court's prior orders, familiarity with which is assumed. Here, the Court describes the events leading up to this motion, which involve longstanding disputes about whether Plaintiffs have indicated with sufficient specificity witnesses with personal knowledge of Plaintiffs' allegations. The Court also briefly summarizes Defendants' current complaints about Plaintiffs' RFA responses.

**I.  The Parties' Disputes Regarding Witnesses with Personal Knowledge of Plaintiffs' Allegations**

**A.  Plaintiffs' Rule 26(a) Disclosures**

Plaintiffs' initial Rule 26(a) disclosures, made April 1, 2002, listed 35 people, other than those alleged to be in Defendants' or their subsidiary's control, who might have discoverable information relevant to Plaintiffs' claims. (Millson Decl. Ex. 1.)

**B.  Defendants' First Set of Interrogatories**

On February 19, 2003, Defendants served their first set of interrogatories on Plaintiffs, requesting that Plaintiffs identify all persons who have personal knowledge of Plaintiffs' allegations (Defendants' "first interrogatories"). Plaintiffs responded on March 21, 2003 (Plaintiffs' "first interrogatory responses"). (Millson Decl. Ex. 3.)

## C.    Defendants' Second Set of Interrogatories

On May 9, 2003, Defendants served a second set of interrogatories on Plaintiffs (Defendants' "second interrogatories"), in which Defendants asked Plaintiffs to provide, for each person listed as having personal knowledge in Plaintiffs' first interrogatory responses, the basis for that personal knowledge.

At a hearing regarding Defendants' second interrogatories, the parties agreed that Plaintiffs would respond to Defendants' second interrogatories by providing a "general statement of the personal knowledge of the individuals listed in the answers to the first interrogatories, with the sufficient specificity to allow Defendants to determine whom they should depose."  (May 30, 2009 Hr'g Tr. 19:11-16.)  The parties agreed that Plaintiffs would do so only for those individuals listed in Plaintiffs' first interrogatory responses who were not under Defendants' control.

Plaintiffs responded to Defendants' second interrogatories on July 1 and 2, 2003 (Plaintiffs' "second interrogatory responses").

Defendants contended that Plaintiffs' second interrogatory responses were deficient.  On October 10, 2003, Plaintiffs served amended responses to Plaintiffs' second interrogatories

("Plaintiffs' "amended second interrogatory responses").[1]

**D.** **Defendants' Motion to Compel Plaintiffs' Interrogatory**

   **Response**

Defendants contended that Plaintiffs' amended second interrogatory responses were also defective and moved to compel further interrogatory answers and preclude testimony because, _inter alia_, Plaintiffs' amended second interrogatory responses included individuals' knowledge of oral or written statements.

Magistrate Judge Pitman held a hearing regarding Defendants' motion on February 10, 2004. At the hearing, Magistrate Judge Pitman held an extensive colloquy with Plaintiffs' counsel regarding what information, precisely, would be responsive to Defendants' requests. (Feb. 10, 2004 Hr'g Tr. 39:25-53:16.) Plaintiffs indicated that their amended second interrogatory responses included, _inter alia_, information about an individual's knowledge of written or oral statements that Plaintiffs

---

[1] Defendants contend that Plaintiffs, prior to amending their second interrogatory responses, agreed that their amended responses would provide a specific description of each individuals' personal knowledge, including the what, where, when, who, and how underlying Plaintiffs' allegations. The hearing transcript on which Defendants rely does not support Defendants' contention. In fact, Plaintiffs' counsel states clearly on the record that she never agreed to provide Defendants with any such specific description. (Sept. 23, 2003 Hr'g Tr. 121:9-122:2.) Magistrate Judge Pitman, before whom the hearing took place, also does not issue any order regarding the substance of Plaintiffs' amended second interrogatory responses, only one regarding the date by which the amended responses were due to Defendants. (_Id_. At 127:19-24.)

considered party-opponent admissions.[2]  (See, e.g., id. at 44:21-
45:2.)  Plaintiffs stated that they had included knowledge of
party-opponent admissions because, if Plaintiffs had not,
"defendants would have [later] moved to preclude that testimony
because we [Plaintiffs] didn't answer the questions in the . . .
interrogatory in that way."  (Id. at 47:2-4.)  Plaintiffs
explained that their interrogatory responses indicated the basis
for an individual's knowledge (e.g., personal knowledge of an
event versus personal knowledge of a statement regarding an
event), such that Defendants could easily discern which
individuals had personal knowledge of an event and which only had
personal knowledge of an oral or written statement relating to
that event.  Magistrate Judge Pitman noted that if Plaintiffs'
responses were already as clear as Plaintiffs contended they
were, "it would not be a burdensome undertaking to identify who
[of the individuals listed in Plaintiffs' amended second
interrogatory responses] has personal knowledge and who doesn't."
(Id. 50:21-22.)

On February 13, 2004, Magistrate Judge Pitman ordered
Plaintiffs to supplement their amended second interrogatory

---

[2] Generally, a declarant's statements other than those made by
the declarant while testifying at trial or a hearing are deemed
hearsay, Fed. R. Evid. 801, and are inadmissible as evidence at trial,
unless they meet certain exceptions to this rule.  Fed. R. Evid. 802.
    However admissions by a party-opponent, even if made other than
at trial or a hearing, are not hearsay.  Fed. R. Evid. 801(d)(2).
Admissions by a party-opponent include admissions by, inter alia, a
party-opponent's agent or coconspirator.

responses with respect to any individuals who were not named plaintiffs (Magistrate Judge Pitman's "February 2004 Order"). (Feb. 13, 2004 Order 2.)  With respect to these non-plaintiff individuals, Magistrate Judge Pitman ordered Plaintiffs to "specify [] what such individuals know through their personal knowledge and what they know through other means."  (Id.) Magistrate Judge Pitman further ordered that "[a] witness who has knowledge of an event only by virtue of what he or she has read or heard does not have personal knowledge of the event."  (Id.)

In response to Magistrate Judge Pitman's February 13, 2004 Order, Plaintiffs filed supplementary responses to Defendants' second interrogatories on March 4, 2004 (Plaintiffs' "2004 interrogatory responses").  These responses differed from Plaintiffs' amended second interrogatory responses in that they used bold-faced type to indicate what aspects of a response involved an individual's personal knowledge of the events that were the subjects of Defendants' interrogatories.

**E.  Defendants' Motion to Strike Plaintiffs' 2004 Interrogatory Responses**

Defendant moved to strike Plaintiffs' 2004 interrogatory responses on April 2, 2004.  Magistrate Judge Pitman denied Defendants' motion on September 12, 2006 (Magistrate Judge Pitman's "September 2006 Order").  (Sept. 12, 2006 Order 2.) Magistrate Judge Pitman noted that some of Plaintiffs' 2004

6

interrogatory responses failed to identify _any_ individuals with personal knowledge of the events that were the subjects of Defendants' interrogatories. Instead, Plaintiffs responses indicated an individual's personal knowledge of oral or written statements and/or of facts that Plaintiffs deemed circumstantial evidence of the events that were the subject of Defendants' interrogatories.

Because Plaintiffs had, at worst, provided Defendants with information beyond that which Defendants' interrogatories had requested, Magistrate Judge Pitman found that "Plaintiffs identification of the circumstantial testimony they will attempt to offer to prove their allegations, if it is error at all, is harmless." (Id. 17.) On June 15, 2007, The Court upheld this aspect of Magistrate Judge Pitman's September 12, 2006 Order.

### F. Defendants' RFAs

On December 11, 2003, Defendants served Plaintiffs with a third set of RFAs that asked, in pertinent part, for Plaintiffs to admit or deny that specific individuals had personal knowledge of particular aspects of Plaintiffs' allegations (Defendants' "RFAs").

On January 6, 2004, Magistrate Judge Pitman stayed _sine die_ Plaintiffs' obligation to respond to Defendants' RFAs. At an October 7, 2008 conference, the Court lifted this stay and ordered Plaintiffs to respond to Defendants' RFAs (the Court's

"October 2008 Order").

Plaintiffs responded to Defendants' RFAs December 9, 2008 (Plaintiffs' "initial RFA responses").

On March 13, 2009, Defendants requested a conference with the Court to discuss Plaintiffs' initial RFA responses, which Defendants contended were deficient.  Defendants' primary complaint was that Plaintiffs' RFA responses conflicted with Plaintiffs' 2004 interrogatory responses and failed to clearly state what Defendants believed to be the truth: that Plaintiffs have <u>no</u> witnesses with personal knowledge of Plaintiffs' allegations.

Instead of calling a conference, on March 16, 2009, the Court issued a brief Memo-Endorsed Order directing Plaintiffs to provide Defendants with revised RFA responses that "clarify who has personal knowledge of what facts" (the Court's "March 2009 Order").

On March 23, 2009, Plaintiffs served Defendants with revised RFA responses (Plaintiffs' "revised RFA responses").  Defendants filed the instant motion soon thereafter.

## II.  Defendants' Complaints about Plaintiffs' Revised RFA Responses

In Defendants' instant motion, Defendants challenge

Plaintiffs' revised RFA responses on four grounds.[3] Defendants contend that Plaintiffs' revised RFA responses (1) do not provide the factual basis for denying a request; (2) are insufficiently specific; (3) contradict (a) Plaintiffs' 2004 interrogatory responses, (b) Plaintiffs' initial RFA responses, and/or (c) deposition testimony; and/or (4) do not include among a potential witness' personal knowledge that witness' personal knowledge of a party-opponent's admission.[4]

Defendants challenge the sufficiency of Plaintiffs' RFA responses pursuant to Rule 36(a)(6) and move for sanctions pursuant to Rule 37(b)(2) on all of the above grounds. Defendants move to preclude a number of Plaintiffs' RFA responses pursuant to Rule 37(c)(1) on the ground that these responses differ from Plaintiffs' prior discovery responses and

---

[3] Defendants also contend that the Court, in its October 2008 Order, prohibited Plaintiffs from objecting to Defendants' RFAs. (Defs.' Mem. L. Supp. Mot. To Compel 8 n.5, April 20, 2009.) Defendants' contention lacks merit.
The Court's October 2008 Order was issued orally at a status conference. The transcript of that conference does not support Defendants' sweeping claim. At the conference the Court did instruct Plaintiffs that, if Plaintiffs lacked information or knowledge on which to base a response to a particular request, the proper way for Plaintiffs to indicate this would be by so stating, and not by objecting to the request. (October 7, 2008 Conf. Tr. 47:18-48:1.) The Court did not categorically bar Plaintiffs from objecting to Defendants' RFAs, as Defendants contend.

[4] Defendants also contend that Plaintiffs admissions are not "clean" insofar as they contain qualifications. Defendants point the Court to only one such admission. Because Plaintiffs' most recent version of this admission contains no qualifications, the Court does not consider this category of responses further here. However, the Court notes that, as discussed below, where warranted, qualified responses are perfectly appropriate.

disclosures.

**DISCUSSION**

As explained below, the Court grants Defendants' motion insofar as the Court orders Plaintiffs to amend their revised RFA responses pursuant to Rule 36(a)(6) by stating their qualified denials with specificity.  However, the Court denies Defendants' motion for sanctions pursuant to Rule 37(b)(2) and (c)(1).

**I.   The Sufficiency of Plaintiffs' Responses Under Rule 36(a)(6)**

Plaintiffs' responses to Defendants' RFAs are insufficient to the extent that Plaintiffs, in crafting their responses, failed to state their qualification of their denials with sufficient specificity.  The Court orders Plaintiffs to amend the responses that suffer these insufficiency (Plaintiffs' "insufficient responses"), but does not deem Plaintiffs' insufficient responses admitted.

**A.   Legal Standard**

Requests for admission are not a discovery device.  <u>See Henry v. Champlain Enterprises, Inc.</u>, 212 F.R.D. 73, 77 (N.D.N.Y. 2003); <u>T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.</u>, 174 F.R.D. 38, 42 (S.D.N.Y. 2009); <u>see also</u> 7 Moore's Federal Practice §36.02[2] (3d ed. 2009) ("Moore's Federal Practice").  The purpose of Rule 36 is to "reduce trial time . . . [by] facilitat[ing] proof with respect to issues that cannot be eliminated from the case, and . . . narrow[ing] the issues by

eliminating those that can be." Fed. R. Civ. P. 36 advisory

committee note; see Donovan v. Carls Drug Co., 703 F.2d 650, 652

(2d Cir. 1983) (overruled on other grounds) (observing that Rule

36 is intended to "narrow issues and speed the resolution of

claims").

Requests should be simple and direct, not vague or

ambiguous. See Moore's Federal Practice §36.10[6]. They should

state the fact in such a way that it can be denied or admitted

"with an absolute minimum of explanation or qualification."

United Coal Cos. v. Powell Const. Co., 839 F.2d 958, 968 (3rd

Cir. 1988).

A denial must be stated specifically and must "respond to

the substance of the matter." Fed. R. Civ. P. 36(a)(4); see also

Wright & Miller, Federal Practice & Procedure § 2260 ("A denial

must be forthright, specific, and unconditional"). The simple

statement "denied" is often sufficient. See United Coal, 839

F.2d at 967. However, a responding party may, in good faith,

qualify its answer or deny only part of a matter. Moore's

Federal Practice § 36.11[5][b].

Qualification of a denial is appropriate if "the statement

[in the request], although containing some truth, standing alone

out of context of the whole truth conveys unwarranted unfair

references." Champlain, 212 F.R.D. at 78 (internal quotation and

alterations omitted); cf. Apex Oil Co. v. Belcher Co. of New

York, 855 F.2d 1009, 1019 (2d Cir. 1988) (finding sanctions appropriate because a party did not qualify its denial of a request that was true in part).  Qualifying a response may be particularly appropriate if the request is sweeping, multi-part, involves sharply contested issues, or goes to the heart of a defendant's liability.  See Byung v. Campbell, No. 07 Civ. 471, 2008 WL 4662349, at *4 (N.D.N.Y. Oct. 20, 2008); Rahman v. Smith & Wollensky Rest. Group, Inc., No. 06 Civ. 6198, 2008 WL 3823858, at *1 9S.D.M.U. Aug. 14, 2008); Tri-State Hosp. Supply Corp. v. United States, 226 F.R.D. 118, 138 (D.D.C. 2005) (a party "should be able to explain its position and not be bullied into an admission it does not want to make").

Any qualifications should "provide clarity and lucidity to the genuineness of the issue and not . . . obfuscate, frustrate, or compound the references."  Champlain, 212 F.R.D. at 78; see Beberaggi v. New York City Transit Auth., No. 93 Civ. 1737, 1994 WL 18556, at *4 (S.D.N.Y. Jan 19, 1994) (finding insufficient a response that rephrased the admission in a way that "injected ambiguity into [the] answer and left unclear what it was denying and the reason for the denial").  However, the bar for a qualified denial should not be set too high.  A response should be deemed sufficient if it reasonably informs the requesting party what is being admitted or denied.  See JP Morgan Chase Bank v. Liberty Mutual Ins. Co., No. O1 Civ. 11523, 2002 WL 31159139,

at *1 (S.D.N.Y. Sept. 27, 2002).

The requesting party can challenge the sufficiency of its adversary's responses. <u>See</u> Fed. R. Civ. P. 36(a)(6). When assessing the sufficiency of a party's responses, a court considers whether the response meets the substance of the request and whether any qualifications are demanded by, and made in, good faith. <u>See</u> <u>e.g.</u>, <u>Thalheim v. Eberheim</u>, 124 F.R.D. 34, 35 (D. Conn. 1988).

If a court finds a response insufficient, "the court may order either that the matter is admitted or that an amended answer be served." Fed. R. Civ. P. 36(a)(6). Deeming a matter admitted is a "severe sanction." Moore's Federal Practice § 36.12[3]. Furthermore, a motion to determine the <u>sufficiency</u> of a response is "not to be used as an attempt to litigate the <u>accuracy</u> of a response." <u>Id</u>. (emphasis added). A response can be sufficient, even if it is not ultimately determined to have been accurate. <u>See</u> <u>United States v. Operation Rescue Nat.</u>, 111 F. Supp. 2d 948, 968 (S.D. Oh. 1999) (a response "is insufficient if it is not specific or the explanation for the refusal to admit or to deny lacks in detail, not because a denial may be contrary to the evidence").

**B.   Application**

The Court finds Plaintiffs' RFA responses <u>sufficient</u> notwithstanding that they (1) fail to provide the factual basis

13

for flatly denying a request; (2) contradict (a) Plaintiffs' 2004 interrogatory responses, (b) Plaintiffs' initial RFA responses, or (c) deposition testimony; or (3) do not address an individual's knowledge of an admission by a party opponent. However, the Court deems Plaintiffs' revised RFA responses <u>insufficient</u> insofar as Plaintiffs qualify their denials in vague and confusing terms. The Court orders Plaintiffs to amend their responses accordingly.

## 1. Factual Basis for Flat Denials

Defendants contend that Plaintiffs cannot respond to Defendants' RFAs with a flat denial. The Court does not find Defendants' contention persuasive.

Plaintiffs' flat denials comply with the requirements of Rule 36. <u>See United Coal</u>, 839 F.2d at 967 (observing that the simple statement "denied" is often sufficient).[5]

Accordingly, Plaintiffs' flat denials of Defendants' RFAs

---

[5] Indeed, a properly phrased RFA request should state the fact in such a way that it can be denied or admitted "with an absolute minimum of explanation or qualification." <u>United Coal</u>, 839 F.2d at 968. If Defendants' requests are properly phrased, Plaintiffs' flat denial should suffice to clarify "who has personal knowledge of what facts." (March 2009 Order.)

The Court notes that, although Plaintiffs' flat denials may be <u>sufficient</u> for Rule 36 purposes, they may not be <u>accurate</u>. If responding with a flat denial is inaccurate, or even will result in misleading inferences, <u>Thalheim</u>, 124 F.R.D. at 38, Plaintiffs risk Defendants moving, post-trial, for sanctions. <u>See</u>, <u>e.g.</u>, <u>Apex Oil</u>, 855 F.2d 1019 (finding sanctions appropriate because a party did not qualify its denial of a request that was true in part). However, at the pre-trial stage, the Court evaluates Plaintiffs' responses for their sufficiency, rather than their accuracy. <u>See</u> Moore's Federal Practice § 36.12[3].

are sufficient under Rule 36.

## 2. Insufficiently Specific Denials

Defendants contend that Plaintiffs' RFA responses are insufficient insofar as they contain either (1) vaguely worded, or (2) open-ended qualifications.  Defendants' contention is persuasive and the Court therefore orders Plaintiffs to amend their RFA responses accordingly.

Plaintiffs qualify their responses to many RFAs.  Often, these qualifications are vaguely stated or open-ended.  For instance, Plaintiffs' response to one of Defendants' RFAs illustrates these characteristics.  Defendants' request states:

> Nanyone Nkpa, . . . does not have any personal knowledge that Defendants (or either of them) or any Group Company (including SPDC) asked the Nigerian Government to use force and intimidation to silence any opposition to SPDC's operations in Ogoniland . . . , including but not limited to the alleged May 1993 requests that the Nigerian military take actions against villagers . . . or against the Plaintiffs. . . .

(Defs.' Third Set of RFAs, No. 15.)

Plaintiffs responded "Denied insofar as he has personal knowledge of facts on which a jury might rely to make such a determination, including, but not limited to, Shell involvement in his bribery."  (Pls.' Revised Response to Defs.' Third Set of RFAs, No. 15.)

Defendants contend that Plaintiffs' response is insufficiently specific both because the statement "Shell

15

involvement in his bribery" is vague, <u>and</u> because the

qualification "including, but not limited to" is open-ended and

thus does not make clear the extent to which Plaintiffs admit or

deny Defendants' request.[6]

The Court agrees.  Plaintiffs' vague and open-ended

qualifications do not "provide clarity and lucidity to the

genuineness of the issue," but "obfuscate, frustrate, or compound

the references."  <u>Champlain</u>, 212 F.R.D. at 78.[7]  Plaintiffs shall

amend their RFA responses to remove their open-ended

qualifications, and Plaintiffs shall state their remaining

qualifications with <u>specificity</u>.[8]

---

[6] Defendants also complain that Plaintiffs' qualifications of
their RFA responses include irrelevant facts.  Defendants have not
brought to the Court's attention, and the Court is not aware of, any
basis for deeming Plaintiffs' RFA responses insufficient because they
discuss allegedly irrelevant facts.  Indeed, relevance is often best
determined on the eve of or at trial, when the information necessary
to make such determinations is brought into focus.

[7] The Court notes that Plaintiffs' use of the phrase "denied
insofar as he has personal knowledge of facts on which a jury might
rely to make that determination to the extent that he knew . . ." is
particularly cumbersome.  Plaintiffs have indicated that they use this
phrase to indicate that an individual has personal knowledge of
circumstantial evidence.  To the extent that this is true, the Court
suggests that Plaintiffs' responses would be much clearer if they
simply so stated.

[8] The Court notes that it is in Plaintiffs' interest to revise
their RFA responses so as to make their qualified denials more
specific.  To the extent that Plaintiffs' responses are over-broad and
vaguely stated, Plaintiffs run the risk of denying more than
Plaintiffs intend.  This could result in the Court determining that
Plaintiffs failed to make admissions, should Defendants eventually
move for expenses pursuant to Rule 37(c)(2).

### 3. Contradictions with Prior Discovery

Defendants contend that Plaintiffs' RFA responses are insufficient because they contradict (a) Plaintiffs' 2004 interrogatory responses, (b) Plaintiffs' initial RFA responses, and/or(c) deposition testimony.  Defendants' contention lacks merit.

The contradictions Defendants point out, to the extent that they exist, cast doubt on the <u>accuracy</u>, not the <u>sufficiency</u>, of Plaintiffs' responses.[9]  Accordingly, these contradictions do not provide the basis for granting a Rule 36(a)(6) motion regarding the sufficiency of RFA responses.  <u>See</u> <u>Operation Rescue</u>, 111 F. Supp. 2d at 968 (holding that inaccuracy is not a basis for deeming RFA responses insufficient).

### 4. Scope of Personal Knowledge

Defendants contend that Plaintiffs' RFA responses are insufficient insofar as Plaintiffs' responses to RFAs regarding an individual's personal knowledge do not consistently address the individual's knowledge of party-opponent admissions.  The Court disagrees.

As Magistrate Judge Pitman made clear in his February 2004 Order, an individual's personal knowledge does not include "what

---

[9] To the extent that Defendants also contend that, regardless of the <u>accuracy</u> of Plaintiffs' RFA responses, Plaintiffs' discovery responses have been <u>inconsistent</u> with each other and with deposition testimony, Defendants' contention is not germane to the Court's Rule 36 analysis.

he or she has read or heard." Magistrate Judge Pitman's Feb. 2004 Order 2. This includes any admissions of a party-opponent that an individual has read or heard. Accordingly, Plaintiffs' revised RFA responses are sufficient even if they do not address an individual's knowledge of party-opponent admissions.

Accordingly, Plaintiffs RFA responses are sufficient, notwithstanding the fact that they do not specify individuals with knowledge of party-opponent admissions.

### C. Conclusion

The Court finds that the "severe sanction" of deeming Plaintiffs' insufficient RFA responses admitted is unwarranted here. Moore's Practice & Procedure § 36.12[3]. However, having clarified the level of specificity Plaintiffs' RFA responses must achieve, the Court orders Plaintiffs to amend their RFA responses as described above. They shall do so by 5:00 PM on May 27, 2009.

## II. Rule 37(b)(2) Sanctions

Defendants contend that Plaintiffs have violated the Court's October 2008 and March 2009 Orders (collectively, the Court's "RFA Orders"), and that the Court should therefore sanction Plaintiffs by deeming all of Defendants' RFAs admitted. The Court finds that Plaintiffs have not violated the Court's RFA Orders and thus denies Defendants' motion for Rule 37(b)(2) sanctions.

### A. Legal Standard

Rule 37(b)(2) provides that a Court may sanction a party if that party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2). Among the sanctions the Court may impose is to direct that "the matters embraced in the order or other designated facts be taken as established for purposes of the action." Id.

## B. Application

Plaintiffs have not violated either the Court's October 2008 or March 2009 Orders. Accordingly, the Court denies Defendants' motion for sanctions pursuant to Rule 37(b)(2).

### 1. The Court's October 2008 Order

Defendants contend that, insofar as Plaintiffs' RFA responses are insufficient in the ways discussed above, Plaintiffs have failed to obey the Court's October 2008 Order. The Court's October 2008 Order directed Plaintiffs to respond to Defendants' RFAs. Plaintiffs have done so. Although the Court has found that some of Plaintiffs' responses are insufficient, Plaintiffs made them in apparent good faith. Accordingly, the Court does not find that Plaintiffs' RFA responses violated the Court's October 2008 Order.

### 2. The Court's March 2009 Order

Defendants also contend that the Court's March 2009 Order directed Plaintiffs to issue RFA responses (1) that provide the factual basis for all denials, including Plaintiffs' blanket

denials; and (2) that state the entire universe of an individual's personal knowledge, including an individual's personal knowledge of facts beyond those that are responsive to Defendants' RFAs. According to Defendants, the Court's March 2009 Order directed Plaintiffs to far exceed the requirements of Rule 36, but to do so subject to the "severe sanctions" Rule 36 permits.

The Court's March 2009 Order was issued as a memo-endorsement to Defendant's letter to the Court complaining that Plaintiffs' RFA responses were confusing.[10] This four-sentence order directed Plaintiffs to revise their RFA responses so as to "clarify who has personal knowledge of what facts." The purpose of the March 2009 Order was to require Plaintiffs' to provide the "forthright, specific, and unconditional" responses Rule 36 demands. Wright & Miller, Federal Practice & Procedure § 2260. Thus, the Court's March 2009 Order required Plaintiffs to <u>comply with</u>, not <u>exceed</u>, Rule 36. Defendants' reading of sweeping implications into this brief direction by the Court is over broad and therefore unpersuasive.

Read more modestly, and accurately, the Court's March 2009 Order directed Plaintiffs to amend their RFA responses to more

---

[10] Defendants also complained that Plaintiffs' RFA responses contradicted Plaintiffs' 2004 interrogatory responses; however, as discussed above, this is not a reason to order Plaintiffs to clarify their responses, or to deem the responses insufficient.

clearly admit or deny Defendants' requests. After the Court
issued its March 2009 Order, Plaintiffs amended their RFA
responses, as directed. Although the Court now finds that
Plaintiffs' RFA responses still lack the clarity the Court
expects and Rule 36 demands, the Court does not find that
Plaintiffs have failed to obey the Court's March 2009 Order.

### C.   Conclusion

Because the Court does not find that Plaintiffs have
violated either of the Court's RFA Orders, the Court denies
Defendants' motion for Rule 37(b)(2) sanctions.

## III. Rule 37(c)(1) Sanctions

Defendants contend that, because Plaintiffs' RFA responses
contain information and individuals not included in their prior
discovery responses, the Court should sanction Plaintiffs
pursuant to Rule 37(c)(1) by precluding Plaintiffs from adding
any information to their RFAs that contradicts their 2004
interrogatory responses or their initial Rule 26 disclosures.

The Court denies Defendants' motion to preclude Plaintiffs
from including in their responses to their RFAs information that
contradicts their 2004 interrogatory responses or their initial
Rule 26 disclosures. As the Court explains above, there are
valid reasons that Plaintiffs' RFA responses, and especially
those that they submit pursuant to this Order, will contradict
their earlier discovery responses and/or Rule 26 disclosures.

Accordingly, the Court will not preclude Plaintiffs from responding to Defendants RFAs as sufficiently as Ordered herein.

Should Defendants choose, after Plaintiffs have submitted the amended RFA responses ordered here, to file any further motions for sanctions regarding these issues, the Court will consider them after trial is completed.

## IV. Conclusion

For the reasons above, the Court grants in part and denies in part Defendants' motion. (96-D.E. 376.) Plaintiffs shall amend their revised RFA responses as ordered above by 5:00 PM on Wednesday May 27, 2009.

SO ORDERED.

Dated:     New York, New York
           May **21** , 2009

                         Kimba M. Wood
                         United States District Judge

22